■ FIFTH AND BERGEN TENANTS ASSOCIATION, INC., et al., Appellants, v EDWARD I. KOCH, as Mayor of the City of New York, et al., Respondents.—Orders, Supreme Court, New York County (Leonard Cohen, J.), entered March 13, 1990 and April 2, 1990, respectively, which denied plaintiffs' applications for a preliminary injunction, class certification and a judicial conference regarding cancellation of a Tenants Interim Lease (TIL) program and granted defendants' cross-motion to dismiss the complaint as time-barred, and which denied plaintiffs' motion for leave to renew and reargue this matter, unanimously affirmed, without costs.

This action was filed in October 1988 by tenants associations and certain individual tenants of a Brooklyn building acquired by New York City in 1979 through *in rem* tax foreclosure proceedings. The City entered into a TIL Agreement with a predecessor tenants association of the building in 1980. Plaintiffs alleged that the City terminated the lease in October 1981 on an unfounded claim of improper management.

In December 1988, municipal defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5), (7). Defendants asserted that the tenants association failed to satisfy minimum management requirements and that the interim lease and the association's participation in the TIL program were consequently terminated in March 1982. Defendants stated that the association was informed of the termination in a January 20, 1982 letter from an assistant commissioner of the Housing Preservation and Development Department (HPD).

The IAS court found that the interim lease expired by its own terms on March 31, 1982, which date commenced the four month Statute of Limitations period for filing a CPLR article 78 proceeding to challenge the termination of the TIL pro-

gram, and that this action brought in October 1988 was obviously time-barred. The court also denied plaintiffs' motion for leave to renew and reargue that decision, finding that the "new" evidence submitted by plaintiffs was neither material nor relevant to the Statute of Limitations issue.

The proper vehicle for challenging a termination of an HPD interim lease agreement is an article 78 proceeding *(see, Matter of 151 W. 140th St. Tenant Assn. v City of New York,* 161 AD2d 160), to which a four month statute of limitations applies (CPLR 217). Here, the interim lease by its own terms expired on March 31, 1982 and was not renewed; the tenants were aware of the termination in 1982 in that they began paying rent directly to the City. This action was brought in October 1988 long after the four month period following the "final determination" not to renew the lease in March 1982 had expired.

The denial of plaintiffs' motion for leave to reargue or renew was proper because plaintiffs' "new" evidence was neither material nor relevant to the IAS court's decision that the action was time-barred. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.